```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
                                :
                                :
UNITED STATES OF AMERICA        :
                                :    90 Cr. 553(KMW)
     v.                         :    ORDER
                                :
MICICEALE DELILEON              :
                                :
                                :
-------------------------------x
```

WOOD, U.S.D.J.:

Defendant Delileon ("Defendant") moves pro se for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 706 to the Sentencing Guidelines. This amendment reduces the base offense level applicable to certain crack offenses. Because Defendant is ineligible for a sentence reduction, his motion is DENIED.

Defendant's offense involved over 240 kilograms of crack. Amendment 706 does not lower the base offense level for offenses involving 4.5 kilograms or more of crack. Accordingly, Defendant's base offense level of 38 remains unchanged under Amendment 706. Defendant is therefore ineligible for a sentence reduction. See U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not . . . not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

Defendant argues that the Court should nonetheless modify

1

his sentence in light of Kimbrough v. United States, which held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity [in the Sentencing Guidelines] yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purposes, even in a mine-run case." 128 S. Ct. 558, 575 (2007). Assuming arguendo that Kimbrough applies to § 3582(c)(2) motions, the Court concludes that the Sentencing Guidelines raise no policy concerns in Defendant's case. Even if the Court applied a 1:1 crack/powder ratio to Defendant's drug amount, Defendant's base offense level would remain 38. See U.S.S.G. § 2D1.1(c)(1) (stating that the base offense level for offenses involving 150 kilograms or more of cocaine is 38). Thus, the Court would not modify Defendant's sentence under Kimbrough because it finds no policy objection to the application of the Sentencing Guidelines to Defendant's offense.

For these reasons, the Court denies Defendant's motion for a sentence reduction.

SO ORDERED.

Dated: New York, New York
July 22, 2008

*Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

2